UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE GREGORY, | Case No. 06-3501 JCS |
| Plaintiff(s), | |
| v. | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR RELIEF IN JUNE 22, 2006 LETTER** |
| ALAN TRAENKNER, ET AL., | **[Docket No. 8]** |
| Defendant(s). | |

On June 16, 2006, the Court received a letter from Plaintiff requesting relief in a variety of forms, including a request for "protective orders issued immediately, for my family and I and Public Defender Mike Kelly." On June 22, 2006, the Court denied Plaintiff's request without prejudice on the basis that no defendant had been served or given an opportunity to respond to Plaintiff's concerns. On the same day, the Court received another letter from Plaintiff (the "June 22 Letter"), again seeking protective orders and stating that on June 21, 2006, "the department of labor showed up at [his] job site." The June 22 Letter suggests that Defendant Alan Traenkner was somehow responsible for this. Plaintiff also requests that counsel be appointed for him, asserting that he is entitled to representation by counsel in this action. Finally, Plaintiff contacted the Court by telephone on Friday, June 30, 2006 seeking immediate assistance in response to events that were taking place at his home, apparently involving the police.

In response to these communications, the Court ORDERS AS FOLLOWS:

First, based on the communications with the Court referenced above, the Court finds no basis for awarding immediate relief, including protective orders, even assuming the Court has the authority to award the requested relief.

Second, the undersigned magistrate judge may not award relief in Plaintiff's favor against *any* defendant until that defendant has consented to the jurisdiction of a United States magistrate

judge, pursuant to 28 U.S.C. § 636(c).  Once defendants have been properly served and summons have been returned executed, defendants will be asked to either consent or decline to consent to magistrate jurisdiction.  If any of the defendants decline to consent to magistrate jurisdiction, the entire case will be reassigned to a district court judge with the authority to award relief against any defendant as to whom a proper showing is made.  In that case, Plaintiff may bring a motion before the district court judge for the requested relief.  On the other hand, if all defendants consent to the jurisdiction of the undersigned magistrate judge, the Court will allow briefing on any motions for injunctive relief Plaintiff may bring and determine whether Plaintiff is entitled to such relief.

Third, if and when all defendants consent to magistrate jurisdiction, Plaintiff may file a motion with the Court for the relief sought in his letters.  Any motion must be served on all defendants in accordance with Civil Local Rule 5-5.  The date of the hearing on the motion is selected by the moving party in accordance with Civil Local Rule 7-2(a).  That rule specifies that the hearing must be at least 35 days from the date on which the motion was served on defendants.  The hearing must be on the regularly scheduled civil law and motion day of the assigned judge.  Judge Spero's civil law and motion calendar is on Friday at 9:30 a.m.  Plaintiff may request the hearing be expedited to occur in less than 35 days from the date of service.  The Court will determine whether Plaintiff has made an adequate showing to establish that such a shortened schedule is warranted.  In that case, the Court will set the hearing date on the motion.  In either event, defendants will be given an opportunity to oppose the motion.

Fourth, under Civil Local Rule 7-10, ex parte communications – that is, communications of which defendants are not given notice –  with the Court, such as Plaintiff's telephone calls to Judge Spero's chambers on June 30, 2006, are not permitted.  Ex parte communications are permitted only when specifically authorized by a federal or local rule, a statute or a judge's standing order.  Plaintiff is instructed that in the future, all requests for relief must be in writing and must be served on defendants.

Fifth, Plaintiff's request for appointment of counsel is denied without prejudice.  A plaintiff in a civil action, in contrast to a defendant in a criminal action, has no constitutional right to appointment of counsel unless he will be deprived of his physical liberty if he loses the litigation.

*See Lassiter v. Dep't of Social Services of Durham*, 452 US 18, 26-27 (1981). Because Plaintiff's physical liberty is not at stake, he is not entitled to appointed counsel. While the Court does, under some circumstances, have discretion to appoint counsel to a civil litigant, the record at this stage of Plaintiff's case is insufficient to show that appointment of counsel is warranted. Plaintiff may renew his request for appointment of counsel at a later stage of the case when the record has been further developed.

Dated: July 6, 2006

JOSEPH C. SPERO
United States Magistrate Judge

3