IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE GREGORY,<br><br>    Plaintiff,<br><br>  v.<br><br>ALAN TRAENKNER, et al.,<br><br>    Defendants.<br>_____ / | No. C-06-3501 MMC<br><br>**ORDER GRANTING MOTIONS TO DISMISS; DENYING AS MOOT MOTION FOR MORE DEFINITE STATEMENT; VACATING HEARING**<br><br>(Docket Nos. 13, 17, 21) |

     Before the Court are (1) the motions by Town of Moraga ("Moraga") and Stan Casper ("Casper"), filed July 11, 2006 and July 21, 2006, respectively, to dismiss plaintiff Gene Gregory's ("Gregory") complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and (2) the motion by defendant Alan Traenkner ("Traenkner"), filed July 27, 2006, for a more definite statement of plaintiff's complaint pursuant to Rule 12(e). On August 4, 2006, Robert Priebe, Mark Rupenthal, and Alan Dessayer filed a joinder in the Moraga and Casper motions. On August 15, 2006 and August 17, 2006, respectively, Gregory filed separate "motion[s] to deny" the Moraga and Casper motions, which the Court construes as oppositions to the Moraga and Casper motions. On August 22, 2006 and September 22, 2006, respectively, Casper and Moraga filed separate replies in support of their respective motions. To date, Gregory has not filed opposition to Traenkner's motion. Having considered the papers filed in support of and in opposition to the motions,

the Court finds the motions appropriate for decision without oral argument, see Civil L.R. 7-1(b), VACATES the October 6, 2006 hearing, and rules as follows.

To the extent Gregory seeks to prosecute criminal charges against defendants, all such claims are subject to dismissal with prejudice, because criminal charges may be brought only by the government, not by aggrieved individuals. See 28 U.S.C. § 547(1) (providing United States Attorney shall prosecute all criminal actions).

With respect to the claims asserted against United States District Judge Marilyn Hall Patel, all such claims are subject to dismissal with prejudice, on grounds of absolute judicial immunity. See, e.g., Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding judge "absolutely immune for judicial acts").

The remainder of plaintiff's claims arise out of events that occurred between 1992 and 1994 and are subject to dismissal with prejudice as time-barred under any conceivably applicable statute of limitations. See, e.g., Cal. Code Civ. Proc. § 340.6 (setting forth four-year statute of limitations on claim for attorney malpractice); Goldrich v. Natural Y Surgical Specialties, Inc., 25 Cal. App. 4th 772, 778-79 (1994) (applying one-year statute of limitations to negligence claim); Kline v. Turner, 87 Cal. App. 4th 1369, 1373-74 (2001) (applying three-year statute of limitations to fraud claim); White v. Lieberman, 103 Cal. App. 4th 210, 216 (2002) (applying one-year statute of limitations to claim for malicious prosecution); Scannell v. County of Riverside, 152 Cal. App. 3d 596, 615 (1984) (applying one-year statute of limitations to claim of false imprisonment); and McDougal v. County of Imperial, 942 F.2d 668, 672-74 (9th Cir. 1991) (holding one-year statute of limitations for personal injury actions set forth in Cal. Civ. Proc. Code § 340(3) applicable to claims under 42 U.S.C. §§ 1983 and 1985).[1] The allegations of the complaint demonstrate that plaintiff was aware of the asserted wrongdoing at the time that it occurred and, according, all

---

[1] Although, on September 10, 2002, the limitations period for personal injury actions in California was expanded to two years, see Cal. Civ. Proc. Code § 335.1, the new limitations period does not apply retroactively and, thus, has no application to the instant action. See Krupnick v. Duke Energy Morro Bay L.L.C., 115 Cal. App. 4th 1026, 1030 (2004).

causes of action accrued no later than 1994.  See, e.g., Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 806-07 (2005) (noting "discovery rule" postpones accrual of causes of action until plaintiff "discovers, or has reason to discover the cause of action").  There are no allegations in the complaint, or in plaintiff's opposition, suggesting that any theory of tolling may be applicable.  See Udom v. Fonseca, 846 F.2d 1236, 1238 (9th Cir. 1988) ("In order to invoke the benefit of tolling, the plaintiff must allege facts that, if believed, would provide a basis for tolling.").

Accordingly, as there is no suggestion that plaintiff's complaint may be amended successfully to state a claim, the motions to dismiss are hereby GRANTED, the motion for a more definite statement is DENIED as moot, and the instant action is hereby DISMISSED with prejudice.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 29, 2006

MAXINE M. CHESNEY
United States District Judge

3